**Jerry Keith ROGERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15647.**

United States Court of Appeals Ninth Circuit.

Feb. 2, 1959.

Certiorari Denied April 20, 1959.

See 79 S.Ct. 878.

284

Kenneth A. MacDonald, Seattle, Wash., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Charles P. Moriarty, U. S. Atty., Joseph C. McKinnon, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before FEE and HAMLEY, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge.

Appellant was convicted of violating the Selective Service Act by wilfully refusing to submit to induction in the armed forces of the United States as a noncombatant, Class I-AO. Appellant is a member of Jehovah's Witnesses. He claims he is conscientiously opposed to military service of any kind, including noncombatant service, and therefore should have been classified I-O.

At the time of his registration in 1950, appellant asserted that he was a conscientious objector and that by reason of his religious activities he should be classified as a minister of religion, Class IV-D. The local board denied such request and classified him I-A—available for military service. The Appeal Board affirmed that classification.

Thereafter, appellant's files were sent to the Department of Justice for a hearing with respect to appellant's character and good faith, and for an advisory opinion as required by § 6(j) of the Universal Training and Service Act. [50 U.S.C.A.Appendix, § 456(j).] The Fed-

eral Bureau of Investigation made its report regarding appellant's sincerity of belief, and prior to the special hearing, appellant was furnished with a résumé of that report. The following is the pertinent portion of this résumé:

"He has been employed as a stock clerk at Sears-Roebuck Company, and has been actively participating in the Jehovah's Witness Society. Neighbors, references and acquaintances state that he has been an active member of the society and that he enjoys an excellent reputation of character. There is nothing in the investigative report which would indicate he is not sincere in his claim to being a conscientious objector on the basis of his religious training and belief."

The Justice Department Hearing Officer found that appellant was sincere in his objections to combat service, but he further found that appellant had not sustained his objections to noncombatant service. Both he and the Department of Justice recommended that appellant be classified I-AO. Thereafter, the Appeal Board gave him such classification.

Later, the local board again interviewed appellant and held a hearing in connection with his classification. There, appellant again claimed exemption as a conscientious objector and as a minister of religion. He stated that he was opposed to the use of force to defend his country but was willing to use force to defend himself, his home, his religious meetings, and the brethren of his religious organization. He further stated that his claim as a conscientious objector was based primarily upon his desire to preach and he further stated that even if he obtained the I-O classification which he was requesting, he would not perform the civilian work to which he would be subject in such classification.

As a result of this hearing, the local board classified appellant I-AO. Appellant did not appeal from this classification, but the Government appeal agent did. In accordance with the statute, the case was again referred to the Depart-

ment of Justice, and a second hearing held before a Hearing Officer. Prior to this second hearing, an investigation was again conducted and a report made concerning appellant's character and good faith. A copy of the résumé of such report, all of which was favorable and which contained the following pertinent provision, was furnished to the appellant prior to the hearing:

"Neighbors, references, and religious affiliates all agreed that the registrant is of excellent character and reputation and a sincere active member of Jehovah's Witnesses. None had any unfavorable information concerning the registrant's character; many of the same persons were previously interviewed and advised presently that they had no reason to change their opinion of the registrant. All persons interviewed believed that the registrant is sincere in his religious beliefs and in his attitude toward military service."

Both appellant and his mother testified before the Hearing Officer. In addition, the Hearing Officer reviewed all the evidence previously submitted. He recommended that appellant be classified I-AO. The Department of Justice concurred in such recommendation. Thereafter, the appellant wrote the Appeal Board:

"My claim for exemption as a conscientious objector is based solely on the fact that I am a regularly ordained minister of the gospel."

The Appeal Board on the basis of the entire record again classified him I-AO. Based upon such classification, appellant was ordered to report for induction in the armed forces as a noncombatant. He appeared, but refused to be inducted. The present prosecution and conviction followed.

Prior to the trial, appellant served a subpoena duces tecum on the United States Attorney directing him to produce the complete secret investigative reports of the Federal Bureau of Investigation for the purpose of determining whether favorable information had been withheld from the Appeal Board. The Government moved to quash the subpoena and the trial court granted the motion. Thereafter appellant was tried by the court and from the judgment of conviction and sentence, he appealed.

In this appeal appellant contends that (1) the classification I-AO by the Appeal Board was arbitrary, capricious and without basis in fact, and (2) the trial court erred in granting the motion to quash the subpoena duces tecum, directing the Government to produce the full F. B. I. investigative reports.

I

In order to set aside a selective service classification, a court must find that there is no basis in fact for the classification [Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59].

We have carefully examined appellant's selective service file and find that he has failed to establish the lack of a factual basis for his classification. Prior to the Appeal Board's final classification of I-AO which resulted in the order for induction, appellant's case had received repeated attention over a period of five years. Appellant submitted evidence and was personally interviewed by his local draft board on two occasions. He appeared before two Justice Department Hearing Officers, where he and his witnesses testified and presented other evidence. All of these people were called upon to evaluate appellant's mental attitude and beliefs. It is significant that not one of them concluded that he was entitled to a I-O classification. [See Blalock v. United States, 4 Cir., 1957, 247 F.2d 615.]

In addition to evidence concerning his secular employment and his attitude toward war and killing, appellant's final statement to the Appeal Board was that his "claim for exemption as a conscientious objector is based solely on the fact that I am a regularly ordained min-

ister of the Gospel." The Board had previously found that he was only a "publisher", that is, an ordinary member, as distinguished from a "company servant", a position comparable to a minister, and that appellant was not entitled to a ministerial classification. That appellant would be taken away from his religious work, absent a finding of ministerial status, is not an objection which the Act recognizes. [Tomlinson v. United States, 9 Cir., 1954, 216 F.2d 12.]

■ The trial court correctly found that there was a basis in fact for the classification given appellant by the Appeal Board.

## II

■ Appellant's next contention is that he was entitled to have produced at his trial in the District Court, the full reports of the F. B. I. in order to test and determine whether the résumés of such reports sent to the Appeal Board omitted evidence favorable to him.

There is no merit in this contention.

The résumés of both reports contain only laudatory statements concerning appellant's character, reputation and sincerity. They specifically point out that the investigators obtained no adverse reports or any information which would indicate that appellant was insincere. It is difficult to imagine how appellant could have been prejudiced by not seeing the complete investigative file.

In United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, the Supreme Court held that a registrant is not entitled to the original investigative report and that he is only entitled to a "fair résumé of any adverse evidence in the investigator's report."

In Kaline v. United States, 9 Cir., 1956, 235 F.2d 54, 61, appellant argued that at the trial he was entitled to see the full F. B. I. report to see whether he had been sent a fair résumé.

In disposing of that contention, the Court stated:

"Appellant was given a résumé of the report as required under the holding of United States v. Nugent,

1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, and Simmons v. United States, 1955, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453. Our decision in White v. United States, 9 Cir., 1954, 215 F.2d 782, supra, and the Fourth Circuit's decision in Campbell v. United States, 4 Cir., 1955, 221 F.2d 454, 460, are dispositive of the point."

Appellant contends that these holdings are no longer to be followed because they are out of harmony with Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

In Blalock v. United States, 4 Cir., 1957, 247 F.2d 615, 620, which involved an almost identical factual situation, the same contention was made. In an able and exhaustive opinion, Judge Simon Sobeloff analyzed Nugent in the light of Jencks and came to the conclusion:

"Whatever may be the boundaries and limitations of the Jencks doctrine, we think it clear that it is subject to the qualification of the Nugent case for the type of problem here involved, that is, testing the accuracy of the résumé furnished in conscientious objector cases, in contrast to impeachment of witnesses in criminal cases. The Nugent case explicitly holds that if the defendant was furnished a résumé and accorded an opportunity to be heard, he cannot complain that he was not shown the investigative records, nor can he insist on their production at the criminal trial."

Judge Sobeloff also rejected the claimed distinction repeated here that Nugent is limited to cases in which registrants sought records for rebuttal of adverse evidence at the hearing and should not include a case in which the registrant seeks to discover from the F. B. I. reports, additional evidence favorable to the registrant at the trial stage.

This holding was specifically approved in Bouziden v. United States, 10 Cir., 1958, 251 F.2d 728, which involved a

résumé containing both favorable and unfavorable reports.

The trial court did not err in granting the motion to quash the subpoena duces tecum directing the production of the complete F. B. I. files pertaining to appellant.

Affirmed.