**Ernest Douglas BREDE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21928.**

United States Court of Appeals Ninth Circuit.

May 27, 1968.

Rehearing Denied Sept. 16, 1968.

See 400 F.2d 599.

---

**156**

Clark A. Barrett (argued), San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Jerrold M. Ladar, Asst. U. S. Attys., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges and TAYLOR, District Judge.*

---

* Honorable Fred M. Taylor, District Judge, United States District Court, Idaho, sitting by designation.

1. "§ 1660.20 Determination of type of civilian work to be performed and order by the local board to perform such work.
"(a) When a registrant in Class I–O has been found qualified for service in the Armed Services after his armed forces physical examination * * * he shall,

TAYLOR, District Judge:

Appellant has appealed from a judgment of conviction, after a court trial, for a violation of the Universal Military Training and Service Act, 50 U.S.C.A. App. § 462(a).

The charging portion of the indictment alleges as follows:

That appellant, on or about May 3, 1966, "willfully and knowingly did fail and neglect to perform a duty required of him under and in the execution of the Universal Military Training and Service Act, * * * in that he did fail and neglect to comply with an order of his local board to report to said board for instructions to proceed to the Los Angeles County Department of Charities, Los Angeles, California, * * *."

The principal specification of error urged here is that there was no order of the local board directing appellant to perform a duty required of him under section 462(a), supra, and that therefore he did not commit the offense charged in the indictment. We agree.

Appellant registered with his draft board on June 4, 1964, and as a practicing Jehovah's Witness was classified I–O on September 14, 1964. A year later appellant was ordered to report for an armed forces physical examination and was found qualified for induction into the military service. Because appellant was classified I–O, processing toward a civilian work assignment in lieu of induction into the military service was commenced pursuant to Selective Service Regulations, 32 C.F.R. § 1660.20.[1]

within ten days after a Statement of Acceptability (DD Form No. 62) has been mailed to him by the local board * * * submit to the local board three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in section 1660.1, which he is qualified to do. * * *
"(b) If the registrant fails to submit to the local board types of work which he offers to perform, * * * the local

Appellant is not contending that there was any procedural or substantive error by the local board in his case prior to March 14, 1966. On that date a meeting was held pursuant to section 1660.20 (c), supra. At this meeting no agreement as to a type of work in lieu of induction was reached by the board and appellant. However, the board determined that work as an institutional helper at the Los Angeles County Department of Charities, Los Angeles, California, was appropriate for the appellant and that such work was available.

On March 24, 1966, the clerk of the board, pursuant to section 1660.20(d), supra, made a request of the Director of Selective Service for authority to order the appellant to perform the work which the board had determined was appropriate and available.

Such authority was received by the local board on April 20, 1966. On April 22, 1966, a form "Order to Report for Civilian Work (SSS Form No. 153) was sent to appellant by a person who signed as clerk of the board indicating that appellant was to report on May 3, 1966, to receive instructions from the board to proceed to a place of employment.[2] The appellant did not appear on May 3, 1966, and for this failure he was prosecuted and convicted.

It clearly appears from the record and we conclude that there was not an order issued or authorized by the board requiring the appellant to report to the local board for instructions to proceed to a place of employment. The local boad did not comply with section 1660.20(d), supra, after receiving the authority to order the appellant to report for civilian work. This section requires the local board, after receiving such authorization, to meet and order the appellant to report for such civilian work. The appellant's Selective Service file shows that no meeting was held concerning the appellant subsequent to March 14, 1966. Neither the official clerk nor Barbara Jones, the person who signed the purported order, had or was given the authority by the board to order the appellant to report for civilian work in lieu of induction. It is not provided in the Selective Service Regulations that a clerk can order a I–O registrant to report for civilian work without a meeting and the approval of the board members. In this case the board had not met after March 14, 1966, and had not given the clerk of the board, or anyone else, the authority to issue an order.

This is not a case of a procedural error wherein there was no prejudice to the appellant. Here there was a failure on

---

board shall submit to the registrant by letter three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in § 1660.1 which it deems appropriate for the registrant to perform in lieu of induction. The registrant, within ten days after such letter is mailed to him by the local board, shall file with the board a statement that he offers to perform one of the types of work submitted by the board, or that he does not offer to perform any of such types of work. * * *.

"(c) If the local board and the registrant are unable to agree upon a type of civilian work which should be performed in lieu of induction, the State Director of Selective Service for the State in which the local board is located, or the representative of such State Director, appointed by him for the purpose, shall meet with the local board and the regis-

trant and offer his assistance in reaching an agreement. * * *.

"(d) If after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, *the local board*, with the approval of the Director of Selective Service, *shall order* the registrant to report for civilian work. * * *" (emphasis added)

2. The April 22nd order was signed by Barbara Jones as clerk of the local board. At said time Barbara Jones was working for the local board she was not the clerk of the board and did not become clerk until September 19, 1966. We do not consider the effect, if any, of her signing the purported order because of our holding that no order was issued or authorized to be issued by the board.

the part of the local board to issue or authorize the issuance of an order to report for civilian work in lieu of induction. Obviously the purported order signed by Barbara Jones was not an order of the board or one authorized by it. There was no substantial compliance with section 1660.20(d), supra.

Since we are reversing on this specification of error we do not deem it necessary to consider the other specifications.

The Judgment of conviction is reversed.