Robert Wesley DAVIS, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 25077.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1968.

Certiorari Denied March 10, 1969.

See 89 S.Ct. 1019.

---

3. Further, execution of a writing embodying the terms of the already existing con-

tract does not affect its validity. See Roadway Express, Inc. v. General Teamsters, etc., Local 249, 330 F.2d 859 (3 Cir. 1964); Rabouin v. NLRB, 195 F. 2d 906, 910 (2 Cir. 1952).

**514**

Thomas G. Lilly, Jackson, Miss., for appellant.

Robert E. Hauberg, U.S.Atty., E. Donald Strange, Asst.U.S.Atty., Jackson, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In his petition for rehearing appellant now asserts that the petition should be granted because of the alleged failure of the local draft board to comply with Selective Service Regulations, 32 C.F.R. § 1660.20(d), which subsection, it is contended, required the local board after receiving authorization from the National Director of Selective Service to meet and order appellant to report for civilian work. He cites the recent Ninth Circuit case of Brede v. United States, 9 Cir., 1968, 396 F.2d 155, in support of his contention.

However, *Brede* was later modified by the Ninth Circuit on petition for rehearing, 400 F.2d 599 to hold that Section 1660.20(d) does not require that a meet-ing of the board be held after receipt of authorization; and that an order to report could be entered prior to authorization but subject to subsequent authorization and notice.

The record satisfies us that the local board fully complied with Section 1660.-20(d), and that the critical exercise of administrative judgment was made by the board when it determined, at a meeting at which appellant was present, that he was qualified to perform rehabilitation work at the Mississippi State Hospital, Whitfield, Mississippi, that such work was available and was offered to him by the board. When he refused to accept the work he was informed by the board that his file would be transmitted to National Headquarters for authority to order him to report for civilian work. Later the National Director General Hershey gave such authority and approved the issuance of an order by the local board requiring appellant to perform civilian work. Due notice was issued to him by the board to report and appellant at that time complied and began work at the Mississippi State Hospital. We have already noted in our original per curiam opinion what transpired thereafter when, upon discharge from employment at the Mississippi State Hospital, he was ordered by the State Director of Selective Service to report to Rush Foundation Hospital, Meridian, Mississippi, for assignment to hospital work, pursuant to the authority which the State Director had under Selective Service System Local Board Memorandum No. 64, § 8(b). Though he reported to Rush Foundation Hospital, he had a continuing duty to report for work, which he failed to perform. It was for this violation that he was subsequently indicted and convicted.

No sufficient reason has, therefore, been raised why the petition for rehearing should be granted, and it is accordingly denied.