**UNITED STATES of America,
Plaintiff,**

v.

**Walter Wayne PYRTLE, Defendant.
No. S 68 Cr 9.**

United States District Court
E. D. Missouri,
Southeastern Division.

May 9, 1969.

James E. Reeves, U. S. Atty., John M. Scully, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Richard D. Jones, Cape Girardeau, Mo., Victor V. Blackwell, co-counsel, Covington, La., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

Walter Wayne Pyrtle, a Jehovah's Witness, was indicted by the Grand Jury and charged with violating 50 App. U.S. C., § 456(j) and § 462, in knowingly failing to perform a duty required of him under the Universal Military Training and Service Act. He pled not guilty and waived trial by jury. The cause was tried to the Court on December 12, 1968.

The defendant was born on July 8, 1948, and registered with Local Board No. 116 of the Selective Service System, Shannon County, Missouri, in August of 1966. He was classified 1–A on August 30, 1966. Merlin G. Pyrtle, father of the registrant, wrote a letter to the Local Board seeking a deferment for his son. The Local Board reopened and reconsidered the defendant's classification in a meeting on March 22, 1967. The deferment was denied and the defendant was reclassified 1–A. A Selective Service Form 110, "Notice of Classification" was sent to him. His father subsequently requested a personal hearing before the Local Board. The father was informed by letter on March 31, 1967, that only the registrant had the right to a personal appearance before the Local Board. The defendant on April 3, 1967, requested a personal appearance before the Local Board, and on May 3, 1967, met with the members of the Local Board. Selective Service System Form 100 reflects the following entry concerning that meeting:

"Registrant made a personal appearance before the local board. He did not want a 1–O classification and did not qualify for a 4–D classification as he did not meet the requirements. Deferment was denied for an agricultural deferment. Registrant was informed of his appeal rights."

"Re-classified 1–A. Form 110 mailed. Board vote: yes, 3; no, 0.

The Local Board received a letter from the defendant on May 22, 1967, which was treated as an appeal to the State Appeal Board.

The defendant's file was sent to the State Appeal Board, which classified him 1–O on June 27, 1967, by a vote of 3–0. He was advised of such classification by Selective Service Form 110, and also sent a Selective Service System Form 152, "Special Report for Class 1–O Registrants", which was to be completed by registrant. The form was returned to the Local Board with no preference listed as to the type of civilian work he would be willing to perform in lieu of induction. He subsequently refused to choose any civilian work from an approved list of types of available work and their location. The Selective Service regulations provide that in such a case the Local Board will have a meeting with the registrant, and with an advisor of the State Board, in an attempt to arrive at an agreement as to the type of civilian work for the registrant to perform in lieu of induction. See 32 C. F.R. § 1660.20(c). A meeting was held between the above parties on November 1, 1967. No agreement was reached with the defendant. Thereafter, the National Director by letter of December 4, 1967, authorized the Local Board to order the defendant to perform such work as it deemed most apppropriate. The Local Board, under the signature of the Clerk of the Local Board, ordered the defendant to report to the Local Board in Eminence, Missouri, at 9:00 a.m., on April 2, 1968, to be given instructions to proceed to the selected place of employment, which work had been determined to be hospital work at the University of Missouri Medical Center, Columbia, Missouri.

The Clerk of the Local Board, Doris J. Medley, was on duty in the office of the Local Board from 8:00 a.m. to 12:00 noon, April 2, 1968. The defendant did not report to the office of the Local Board on April 2, 1968, nor has he reported to the University of Missouri Medical Center at any time subsequent to receiving the above order.

Several procedural "errors" are urged upon the Court by the defendant, which he claims have denied him both procedural and substantive due process. First, it is alleged that the Local Board did not meet after receiving authorization from the National Director to select the appropriate work for the defendant, as required by 32 C.F.R. 1660.20(d), and that the order to report was sent out by the Clerk of the Local Board without the authorization of, and without a decision having been made by, the Local Board. Brede v. United States, 396 F.2d 155 (9th Cir.1968), is cited in support of this contention. Second, that the Local Board did not comply with 32 C.F.R. 1623.4(b) and send the defendant's father a Selective Service System Form 111, thereby cutting off his right to appeal. Third, that the defendant's father was informed that he had no right to appear in person before the Local Board, contrary to 32 C.F.R. 1624.1(b). Fourth, that the defendant's letter of May 22, 1967, was a request for an agricultural and/or a hardship deferment and a request that the Local Board reopen the defendant's classification, that there is nothing in the defendant's file which indicates that the Local Board considered such requests, and that the Local Board did not notify the defendant or his father of its action, all contrary to 32 C.F.R. 1625.1 through 1625.-4.

■■ The scope of judicial review of the administrative actions of the Selective Service System under the Military Selective Service Act of 1967, 50 App. U.S.C. § 451, et seq., is extremely narrow. The Courts are to determine only if the classification in a particular case has "basis in fact", and if the decisions of the local board were made in conformity with the regulations. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), citing Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). It is also basic that the registrant has the burden of establishing before the local board that he is entitled to the exemption

which he seeks. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L. Ed. 132 (1953); Matyastik v. United States, 392 F.2d 657 (5th Cir.1968); Batterton v. United States, 260 F.2d 233 (8th Cir.1958).

██ Not all procedural irregularities will invalidate the orders of the local board. Prejudice must result to the registrant for the procedural irregularity to violate due process. Briggs v. United States, 397 F.2d 370 (9th Cir. 1968); United States v. Spiro, 384 F.2d 159 (3rd Cir.1967), cert. denied 390 U.S. 956, 88 S.Ct. 1028, 19 L.Ed.2d 1151 (1968). The registrant must have been denied basic procedural fairness. De-Remer v. United States, 340 F.2d 712 (8th Cir.1965). When the registrant has been given all the consideration to which he is entitled, then a mere technicality in procedure will not invalidate the decisions of the local board. United States v. Mekolichick, 234 F.2d 71 (3rd Cir.1956), cert. denied 352 U.S. 908, 77 S.Ct. 147, 1 L.Ed.2d 117 (1956), rehearing denied 352 U.S. 977, 77 S.Ct. 351, 1 L.Ed.2d 330 (1957). See also Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308 (1946).

██ The allegation that the Local Board has violated the provisions of 32 C.F.R. 1660.20(d) by not meeting after it received approval from the National Director of the Selective Service System to order the defendant to report and perform the appropriate work, and because the order to report was sent out by the Clerk of the Local Board without the Local Board having made a decision as to the appropriate work to be performed by the defendant, is without merit. The evidence shows that a meeting was held by the Local Board, the defendant, and a representative of the state office of the Selective Service System, and that no agreement was reached with the defendant as to the type of work he would be willing to perform in lieu of induction. The representative of the state office explained to the Local Board the procedure to be followed in cases involving a person classified in

Class 1–O who refused to designate the type of civilian work he would be willing to perform in lieu of induction. The members of the Local Board determined that the defendant's file would be forwarded in accordance with the regulations, and if authority was received from the National Director for the Local Board to order the defendant to perform such work as the Board deemed appropriate, the appropriate work for this defendant was hospital work at the University of Missouri Medical Center, Columbia, Missouri. The members of the Local Board also agreed at this time that the Clerk of the Local Board should effectuate the necessary orders when such approval was received from the National Director. These findings are substantiated by the summary of the meeting of November 1, 1967, which was prepared by the Clerk and forwarded to the state office of the Selective Service System on November 3, 1967, and by the testimony of Harry P. Grabiel, a member of the Local Board who was present at the time. These findings are also substantiated by a memorandum prepared by William P. Rogers, Chairman of Local Board No. 116, on August 21, 1968.

The defendant's reliance on Brede v. United States, 396 F.2d 155 (9th Cir. 1968), is misplaced. This case was modified on rehearing by the Ninth Circuit (400 F.2d 599 [1968]). That Court specifically stated that the local board was not required by 32 C.F.R. 1660.-20(d) to meet after receiving authorization from the National Director and choose the appropriate work and authorize the issuance of the order. It was held that the local board could determine the appropriate work for a registrant and authorize the issuance of an order to report, pending the subsequent receipt of authority from the National Director. The requirement of the regulation is that critical administrative judgment be exercised, not that it be exercised in a particular sequence. See also United States v. Crowley, 405 F.2d 400 (4th Cir.1968), cert. denied 394 U.S.

904, 89 S.Ct. 1011, 22 L.Ed.2d 215 (March 10, 1969); Davis v. United States, 402 F.2d 513 (5th Cir.1968) (petition for rehearing).

It is also contended that the failure of the Local Board to comply with the provisions of 32 C.F.R. 1623.4(b) has invalidated the subsequent proceedings. Title 32 C.F.R. 1623.4(b) requires the local board, after classification or reclassification of a registrant, to mail Selective Service System Form No. 111, "Classification Advice", to every person who has on file a written request for the deferment of the registrant. The defendant's father, Merlin G. Pyrtle, had written on February 20, 1967, requesting a deferment for his son. The Local Board met, and considered the request, denied it, and classified the defendant I–A. The defendant was mailed Selective Service System Form No. 110, but the father was not mailed Form No. 111 as required by the regulations.

The contention urged upon the Court is that this failure effectively cut off the father's right to appeal to the State Appeal Board, thereby prejudiced the defendant to the extent that the order to report is invalid. Selective Service System Form No. 111 and Form No. 110 both contain information regarding the right to appeal from a decision of the local board. Form No. 111 advises a person who claims to be a dependent of a registrant, or who has requested occupational deferment of a registrant, that he may appeal the registrant's classification to the State Appeal Board. Form No. 110 advises the registrant that the registrant has the right to appeal a decision of the local board to the State Appeal Board. The mailing addresses of the registrant and his father are the same. The registrant appealed his classification to the State Appeal Board; his father did not appeal.

■ The failure of the Local Board to mail Selective Service Form No. 111 to the father did not prejudice the defendant and invalidate the order of the Local Board. The defendant appealed. The State Appeal Board had before it

the entire file of the defendant, including the letter from the father of February 20, 1967. The defendant received all the consideration to which he was entitled under the regulations.

■ There was no error in the Local Board's informing the defendant's father that he did not have the right to appear in person before it. Title 32 C. F.R. 1624.1(b) provides that no person other than the registrant has the right to appear in person before a local board, but that the local board may, in its discretion, permit anyone to appear before it on behalf of a registrant. The action of the Local Board was in conformity with the regulation. There is no showing that this was not the usual procedure of the Local Board.

The remaining contention is that the defendant's letter of May 22, 1967, was in essence a request that the Local Board reopen his classification, that the Local Board did not do so, that there is nothing in the defendant's file to show that the Local Board even considered the letter. The defendant's letter of May 22, 1967, talked of the size of his father's farm, the extent of the farming operations, his father's age and indebtedness, and closed with these two sentences:

"So I am asking for a 3–A hardship classification. I would like to appeal this to the state board."

The Clerk's entry in the defendant's file concerning this letter is:

"Letter from Registrant stating he wishes to appeal his classification to the Appeal Board. Also enclosing supporting evidence for his request for a hardship deferment."

There is no showing that the Local Board met and considered the letter of May 22, 1967. The Clerk of the Local Board forwarded the defendant's file to the State Appeal Board on June 6, 1967.

■ Title 32 C.F.R. 1625.2 provides that the local board may reopen and consider anew a classification when requested to do so by the registrant, if such request is accompanied by written

information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification. Title 32 C.F.R. 1625.4 provides that when such a request is filed with the local board, and it determines that the facts do not justify such reopening, then the registrant shall be so advised in writing. A local board is under no duty to reopen a classification under these provisions if a written request to do so is not received by it. Badger v. United States, 322 F.2d 902 (9th Cir.1963), cert. denied 376 U.S. 914, 84 S.Ct. 669, 11 L.Ed.2d 610 (1964), rehearing denied 376 U.S. 973, 84 S.Ct. 1134, 12 L.Ed.2d 88 (1964). Even when such a request is made, the duty to reopen arises only in certain circumstances. See United States v. Gearey, 379 F.2d 915 (2d Cir.1967), cert. denied 389 U.S. 959, 88 S.Ct. 335, 19 L. Ed.2d 368 (1967), rehearing denied 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed. 611 (1967). However, in certain circumstances the local board is obligated to consider a request for an "appeal" as a request to reopen a classification. See United States ex rel. Berman v. Craig, 207 F.2d 888 (3rd Cir. 1953). The local board is required to treat a request for an "appeal" as a request to reopen the registrant's classification if it is presented with facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification. United States v. Longworth, 269 F.Supp. 971 (S.D.Ohio 1967). It must appear, however, that the writing received by the local board is more than a mere transmittal to the appeal board. Storey v. United States, 370 F.2d 255 (9th Cir. 1966).

 The defendant's letter of May 22, 1967, contained the same information as did the father's letter of February 20, 1967. The supporting evidence attached to the letter was letters to the Board from friends and neighbors of the defendant. They added no new information. The Local Board had considered all of this information in the past, and, had classified the defendant as I–A. The

only new element presented by the letter was a specific mention of a hardship III–A deferment. The record contains no reference to a III–A deferment prior to this. The previous entries refer to requests for an agricultural deferment. The letter of the father written on February 20, 1967, did not request a specific deferment, and the members of the Local Board considered it a request for an agricultural deferment. It does not appear that the defendant at any time made out a prima facie case for a III–A deferment.

There is no allegation that the defendant's father is dependent upon the defendant for support and that induction would result in an extreme hardship in this respect. The members of the Local Board were personally familiar with the defendant, his father, his family, and the type of farming operations conducted by the father. The evidence shows that the Local Board thoroughly considered the defendant's case. It must be presumed that the members of the Local Board had enough knowledge and awareness of the requirements for the various deferments to consider the evidence before them in relation to any deferment to which the defendant might possibly be entitled. Since the letter of May 22, 1967, contained no new information, and did not specifically request a reopening of the defendant's classification, but did specifically request an appeal to the State Appeal Board, it was properly treated as a request for an appeal. There being no request to reopen the classification, there was no duty upon the Local Board to notify the defendant, or his father, as provided in 32 C.F.R. 1625.4, that it would not do so. See United States v. Whitaker, 395 F.2d 664 (4th Cir.1968).

Nor was there any prejudice to the defendant because there is not a showing that the members of the Local Board made a determination to treat the letter as an appeal rather than as a request to reopen the classification. The procedure for appealing from a decision of the local board is set forth in 32 C.F.R. 1626.-

11 to 1626.14. The regulations talk in terms of the "local board" forwarding the request and the file to the state office. This does not mean that the individual members of the local board must do these tasks. The clerk of the local board may properly perform the various secretarial and ministerial acts set forth by the regulations. There is testimony that the Clerk of the Local Board was authorized by it to perform the daily tasks of the local office. If the letter of May 22, 1967, had been one which should have been treated as a request to reopen rather than as a request for an appeal, then the failure of the Local Board to consider such additional facts as a board would be a denial of the defendant's procedural due process. See United States v. Walsh, 279 F.Supp. 115 (D.Mass. 1968). Here, however, the letter was properly treated as a transmittal for an appeal to the State Appeal Board, and the defendant was not prejudiced if the Clerk of the Local Board did perform the ministerial function of forwarding his letter and file to the State Appeal Board.

The motion to dismiss the indictment, and the motion for judgment of acquittal, both presented to the Court on December 12, 1968, will be denied. The defendant will be found guilty as charged in the indictment.