**UNITED STATES of America,**
**Plaintiff,**

v.

**Melvin Riley McDONALD, Defendant.**

**No. 68 CR 613.**

United States District Court
N. D. Illinois, E. D.

June 20, 1969.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff.

George C. Pontikes, Foss, Schuman & Drake, Chicago, Ill., for defendant.

## DECISION ON THE MERITS

ROBSON, District Judge.

The indictment in this criminal prosecution charges that on August 26, 1966, the defendant, Melvin Riley McDonald, wilfully and knowingly refused to submit to induction into the armed forces, in violation of Title 50 Appendix, United States Code, Section 462. After a trial on the merits, this court finds the defendant guilty as charged in the indictment.

The following facts were stipulated between the parties. The defendant registered under the provisions of the Universal Military Training and Service Act, and he thereby became a registrant at Local Board 128 in Des Moines, Iowa. After being afforded numerous II–S (student) deferments while he pursued undergraduate and graduate college work, the defendant was classified I–A, and was ordered to report for induction on August 26, 1966, at the Armed Forces Induction Station in Chicago, Illinois. The induction order was issued by Local Board 12 in Chicago, Illinois, following the defendant's request that he report for induction in Chicago, where he was residing. On August 26, 1966, the defendant reported to the Induction Station in Chicago. He admits that at that time he knowingly and wilfully refused to submit to induction. After introducing the defendant's Selective Service file and the stipulations into evidence, the Government rested. The defendant then moved this court for a judgment of acquittal based upon the evidence in the defendant's Selective Service file. The court took the motion under advisement. At the close of all the evidence, the defendant's counsel requested and was granted ten days to file his brief in support of his oral motion for a judgment of acquittal. Four months have elapsed since trial. The defendant has failed to file any brief, although this court has granted him several extensions of time to do so. An examination of the record, however, indicates that such a motion is without merit.

It is the defendant's contention that his Selective Service records show no basis in fact for the local board's determination that he is not a conscientious objector. However, the mere self-serving statement that one is a conscientious objector is not enough to shift from the defendant his burden of proving eligibility for such a classification. Campbell v. United States, 221 F. 2d 454 (4th Cir. 1955); Salamy v. United States, 379 F.2d 838 (10th Cir. 1967). Under Section 10(b) (3) of the Military Selective Service Act of 1967, the court cannot review local board action if such action is supported by any basis in fact. See Estep v. United States, 327 U. S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Only if the registrant shows a prejudicial denial of procedural rights is review proper in such circumstances. The record indicates that there was a basis in fact for the local board's action in classifying the defendant I–A. Furthermore, the defendant has failed to show that he was prejudiced by any lack of procedural due process.

The basic test for conscientious objector status is the applicant's sincerity, and objective facts are important insofar as they shed light on that issue. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). In considering the sincerity of the applicant, the local board may consider the point in time when the conscientious objector application is first filed. Witmer v. United States, *supra*. Here, the claim was first asserted when the last of the defendant's many student deferments was about to expire in September, 1965. Until that time, the defendant's primary ground for deferment was his continuing education. Another factor to be considered is any participation in R. O.T.C. by the applicant. United States v. Borisuk, 206 F.2d 338 (3rd Cir. 1953). The defendant fulfilled two years of compulsory R.O.T.C. at two different colleges without objection. During one of those years, he participated in a voluntary drill team, the "Pershing Rifles."

A misleading or vague statement can also be a basis to question the defendant's sincerity. Parrott v. United States, 370 F.2d 388 (9th Cir. 1966), cert. den. sub nom. Lawrence v. United States, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967). On the defendant's application for conscientious objector status, he did not disclose the voluntary nature of one of the R.O.T.C. units in which he participated. In his reply to the Department of Justice report concerning interviews conducted pursuant to his conscientious objector claim, he was vague concerning whether his objection was basically against the war in Vietnam or against war generally. Furthermore, the record indicates that he was considerably less than honest with his local board concerning the nature of his graduate work. He criticized his pastor for discussing him with an agent of the Federal Bureau of Investigation because the pastor was not well acquainted with him. Soon thereafter, he requested the same pastor to write a letter on his behalf. Most persuasive in determining the defendant's sincerity is the report compiled by the Department of Justice after extensive investigation and personal interviews. This report indicates that the defendant was not a participant in religious activities, and that the defendant's asserted conscientious objector principles were not based on his religious training and beliefs. United States v. Carroll, 398 F.2d 651 (3rd Cir. 1968); United States v. De Lime, 121 F.Supp. 750 (D.N.J. 1954), aff'd 223 F. 2d 96 (3rd Cir. 1955). The demeanor of the defendant was observed by the hearing officer. He concluded that the defendant's Selective Service file "is replete with the evidence of the insincerity of the registrant." This is yet another basis in fact for the denial of his conscientious objector application. United States v. Corliss, 280 F.2d 808 (2nd Cir. 1960), cert den. 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960); Rogers v. United States, 263 F.2d 283 (9th Cir. 1959), cert. den. 359 U.S. 967, 79 S.Ct. 878, 3 L.Ed.2d 834 (1959).

The defendant contends that his conscientious objector beliefs "crystalyzed" within the context of United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). However, the *Seeger* crystallization theory of sudden acquisition of conscientious objector beliefs was limited by the Supreme Court to situations where the local board has no basis in fact from which to determine the registrant's classification. This is clearly not the case here. The record reflects a substantial basis in fact for the local board's ruling. Therefore, this court is precluded from further review of the merits of the local board's determination.

The defendant also claims that the local board should have reconsidered his classification when he so requested *after* he failed to submit to induction. A local board may reconsider a classification after the issuance of an induction order only if "the board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1615.2. The defendant clearly failed to meet this burden. At trial, he did not offer any matter which was submitted to the local board showing that he came within the exception. Neither the material in the record submitted before his induction date nor the material which he continued to submit thereafter show any circumstances beyond his control which were asserted as a ground for reconsideration of his classification.

The defendant further contends that a letter from the state selective service director to the local board concerning the reopening of his case deprived the board of its right to exercise independent judgment in the matter. Contrary to the defendant's assertions, the letter is framed in the form of a recommendation. It suggests that the board consider "all material" before it on the claim for conscientious objector status and, *if* the board finds that the files are in order, to make the usual notation in the minutes of action. The letter does

not contain mandatory words or directive language. See United States v. Davis, 279 F.Supp. 920, 924 (D.Conn. 1967), aff'd 390 F.2d 879 (2nd Cir. 1968), cert. den. 393 U.S. 869, 89 S.Ct. 155, 21 L.Ed.2d 137 (1968). The record does not indicate, nor is there any presumption, that since the local board in fact followed the state director's suggestions, the board thereby failed to exercise its own judgment. Nor is there any prohibition against a local board requesting advice and counsel from a state director.

■■■ The defendant asserts that he was prejudiced by the two-year delay in the return of the instant indictment. The delay was well within the statute of limitations, since prosecution must be initiated within five years of the alleged commission of a noncapital offense. 18 U.S.C.A. § 3282. The defendant's counsel stated at trial that the delay in prosecuting this case prejudiced the defendant's opportunity for alternative service as a conscientious objector. This position is untenable under the facts. The defendant had adequate consideration of his conscientious objector claim. The granting of alternative service is an "act of legislative grace, for no one has a constitutional right to exemption from military service." United States v. Bendik, 220 F.2d 249, 252 (2nd Cir. 1955). There was a basis in fact for the denial of the defendant's conscientious objector application, and his I–A classification. After an induction order was issued and violated, the defendant certainly did not lose any "right" to alternative service because of the two-year preindictment delay. Absent a showing of prejudice, a lapse of time in initiating prosecution falling within the statute of limitations does not violate the defendant's constitutional rights. United States v. Deloney, 389 F.2d 324, 326 (7th Cir. 1968); United States v. Curry, 278 F.Supp. 508 (N.D.Ill. 1967).

■■■ The defendant also asserts that his local board violated an "absolute" prohibition against the mailing of an induction order within the ten-day period after the notice of I–A classification is mailed. The defendant cites 32 C.F.R. § 1726.61(b), which has been modified since the relevant period. The original regulation provided that an appeals agent is afforded these ten days in order to contest a classification in the national interest or in order to avoid an injustice. The record does indicate that the defendant's original induction order was mailed within this ten-day period. However, the defendant has failed to show that he was prejudiced by the premature mailing, or that he was denied procedural fairness. United States v. Bellmer, 404 F.2d 132, 135, n. 6 (3rd Cir. 1968). The defendant has not shown that his appeals agent attempted to contest his classification and was precluded from doing so. The record indicates that the defendant was given full and fair treatment both before and after he violated the induction order.

■■■ The defendant further complains that the Government has not shown that he was called in the order prescribed by 32 C.F.R. § 1631.7. However, it is the burden of the registrant to show as a part of his defense that his call-up was invalid, and *then* the Government has the burden to rebut such evidence. United States v. Sandbank, 403 F.2d 38, 40 (2nd Cir. 1968); Lowe v. United States, 389 F.2d 51 (5th Cir. 1968). An attack upon the order of call should be raised before trial or upon examination or cross-examination of the clerk of the local board. Failing this, the defendant should not be granted a judgment of acquittal based upon a bare allegation. Yates v. United States, 404 F.2d 462, 466 (1st Cir. 1968).

Finally, the defendant alleges that the Local Board did not comply with 32 C.F.R. Sec. 1631.7 because it did not meet to authorize the issuance of the Order to Report for induction. Defendant relies upon Brede v. United States, 396 F.2d 155 (9th Cir. 1968), in support of this allegation. *Brede* concerned the failure of a conscientious objector to report for alternative service after receiving an order issued pursuant to 32 C.F.R. Sec.

1660.20(b) signed by the Clerk of the Local Board. The Court agreed with the defendant's contention that the order was not valid because it was not issued by the entire Board.

However, in United States v. Gormly, 136 F.2d 227 (7th Cir. 1943), the Court of Appeals for this Circuit determined that an order to report for alternative service issued to a conscientious objector is not invalid because the Local Board did not meet to consider its issuance. The Court stated that: '* * * (T)he Order to Report was not a discretionary order of the Local Draft Board requiring the meeting of the Board and a determi-*nation* of the Board to issue it. * * * No meeting of the Board is necessary to pass upon the advisability of issuing the order to report, or of the terms of the order.' United States v. Gormly, 136 F.2d 227, 230 (7th Cir. 1943).

▆ Even assuming that the holding in *Brede* was controlling, the defendant is contesting the validity of an order to report for induction which is issued pursuant to an entirely different regulation—32 C.F.R. Sec. 1631.7. That regulation provides that the Local Board "select and order to report for induction the number of men required to fill the call . . ." from those whom the Board has classified in Class I–A and I–A–O. According to the regulation, the issuance of the Order to Report for induction is based solely upon the registrant's position in the call. Subsections (1) through (6) of 32 C.F.R. Sec. 1631.7 (a) and Subsections (1) through (3) of 32 C.F.R. Sec. 1631.7(b) set forth the qualifying factors by which each registrant's position in the order of call is determined. Thus, the provisions of the regulation select the registrants to whom the orders are to issue thereby making the issuance of the order itself a ministerial function which can be performed by a clerk or individual member of the Local Board.

▆ Furthermore, defendant has not introduced any evidence that there was no meeting of the Local Board. The defendant's allegation is merely con-clusory and should have been raised as part of his defense. *Cf.* United States v. Sandbank, 403 F.2d 38, 40 (2nd Cir. 1968); Lowe v. United States, 389 F.2d 51 (5th Cir. 1968). The failure of the defendant's Selective Service file to reveal this information does not support his allegation since a Local Board, unlike a court of law, is not required to keep meticulous and comprehensive records. Doty v. United States, 218 F.2d 93, 95 (8th Cir. 1955).

It is therefore ordered that the defendant's motion for a judgment of acquittal be, and it is hereby denied. It is further ordered that judgment upon a finding of guilty as charged in the indictment be, and it is hereby entered.