**UNITED STATES of America, Plaintiff,**

v.

**James Robert BUCKLEY, Defendant.**

**No. 68–CR–6.**

United States District Court
E. D. Wisconsin.

June 25, 1969.

---

Robert J. Lerner, U. S. Atty., by Thomas R. Jones and Richard E. Réilly, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

James R. Mattison, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

Defendant, James Robert Buckley, was indicted for violation of § 462 of Title 50, App., of the United States Code of Laws in that he willfully failed to report for civilian work, as ordered, after having been classified as a conscientious objector. After a plea of not guilty, trial to the court was held on December 13, 1968. The principal question raised at trial was whether the order, which defendant clearly did not obey, was a lawful order of Local Board 35. Posttrial briefs have been submitted, and the court is now prepared to make its findings.

### FINDINGS OF FACT

James Robert Buckley, defendant, was born on September 27, 1947, is a resident of Antigo in the Eastern District of Wisconsin, and a registrant of Local Board 35 in Antigo, Wisconsin (hereinafter "Local Board"). On February 16, 1966, James Robert Buckley was classified I–O by the Local Board as a registrant conscientiously opposed to combatant and noncombatant service. No appeal was taken from that classification, and it is not contended that the classification was improper.

On January 18, 1967, the Local Board held a meeting pursuant to 32 C.F.R. § 1660.20,* "Determination of type of ci-

---

\* "§ 1660.20 Determination of type of civilian work to be performed and order by the local board to perform such work.

"(a) When a registrant in Class I–O has been found qualified for service in the Armed Forces after his armed forces physical examination or when such a registrant has failed to report for or to submit to armed forces physical examination, he shall, within ten days after a Statement of Acceptability (DD Form No. 62) has been mailed to him by the local board or within ten days after he has failed to report for or submit to armed forces physical examination, submit to the local board three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in section 1660.1, which he is qualified to do and which he offers to perform in lieu of induction into the Armed Forces. If the local board deems any one of these types of work ·to be appropriate, it will order the registrant to perform such work, but such order shall not be issued prior to the time that the registrant would have been ordered to re-

vilian work to be performed and order by the local board to perform such work." This meeting was attended by the chairman and two members of the Local Board, the Government's appeal agent, a representative of the State Director of Selective Service, the executive secretary (clerk), and the defendant, James Robert Buckley. At this meeting the information in the defendant's draft board file (hereinafter "cover sheet") was reviewed, and defendant stated he understood it and that it was complete.

Various civilian work assignments were offered to defendant at the January 1967 meeting. Because of his religious beliefs, however, defendant stated that he could not comply with an order to report for civilian work in lieu of induction. Consequently, no agreement was reached between the defendant and the Local Board as to the type of civilian work which would be assigned. Aft-er Buckley left the meeting, the Local Board determined by a vote of 3 to 0 that he should be ordered to report for civilian work at the Madison General Hospital, Madison, Wisconsin, and that the National Director of Selective Service should be requested to authorize the issuance of such an order by the Local Board. No further Board meeting has been held in this case.

The Local Board received a letter dated March 2, 1967, from the National Director of Selective Service, Lewis B. Hershey, approving the issuance of an order by the Local Board directing the defendant, James Robert Buckley, to perform the civilian work assigned by the Local Board. On May 31, 1967, an order to report for civilian work assignment, signed by the Local Board clerk, was mailed to the defendant at his current address directing him to report to the Local Board on June 9, 1967, for in-

port for induction if he had not been classified in Class I–O, unless he has volunteered for such work.

"(b) If the registrant fails to submit to the local board types of work which he offers to perform, or if the local board finds that none of the types of work submitted by the registrant is appropriate, the local board shall submit to the registrant by letter three types of civilian work contributing to the maintenance of the national health, safety, or interest as defined in § 1660.1 which it deems appropriate for the registrant to perform in lieu of induction. The registrant, within ten days after such letter is mailed to him by the local board, shall file with the board a statement that he either offers to perform one of the types of work submitted by the board, or that he does not offer to perform any of such types of work. If the registrant offers to perform any one of the three types of work, he shall be ordered by the local board to perform such work in lieu of induction, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, unless he has volunteered for such work.

"(c) If the local board and the registrant are unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the State Director of Selective Service for the State in which the local board is located, or the representative of such State Director, appointed by him for the purpose, shall meet with the local board and the registrant and offer his assistance in reaching an agreement. The local board shall mail to the registrant a notice of the time and place of this meeting at least 10 days before the date of the meeting. If agreement is reached at this meeting, the registrant shall be ordered by the local board to perform work in lieu of induction in accordance with such agreement, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O, unless he has volunteered for such work.

"(d) If, after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work contributing to the maintenance of the national health, safety, or interest as defined in § 1660.1 which it deems appropriate, but such order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified in Class I–O unless he has volunteered for such work."

structions to proceed to the Madison General Hospital, Madison, Wisconsin, to perform hospital work. A motion had been adopted in 1959 by Local Board 35 which authorized the Local Board clerk to sign all forms requiring a Local Board member's signature.

The defendant failed to report as ordered and acknowledged that he had received the order to report as directed.

The legal adviser to the Wisconsin State Selective Service Headquarters, who had given legal assistance to the State Selective Service Headquarters on a continuing basis since 1953, stated that the practice of Local Boards in the State of Wisconsin with respect to processing I–O registrants, as of June 19, 1967, the date defendant failed to report for civilian work assignment as directed, was as follows:

1. After completion of the administrative processing of the registrant for civilian work, a meeting is held pursuant to 32 C.F.R. § 1660.20(c) at the local board for the purpose of selecting some type of civilian work for the I–O registrant to perform instead of military service.

2. At the conclusion of this meeting, all processing of the registrant's classification has been completed with the exception of selecting a convenient date for the registrant to enter upon the civilian work and securing the approval of the National Director of the Selective Service.

3. After an appropriate type of civilian work is chosen, the local board seeks approval from the National Director.

4. The approval of the National Director follows a procedural review by National Headquarters of the registrant's cover sheet and type of work assignment to make certain that the cover sheet is in order and that the type of work assignment appears correct.

5. Following the approval of the National Director, the clerk mails an order to report for civilian work to the registrant.

## WAS A VALID ORDER ISSUED?

The defendant contends that the procedure, which is customarily used in Wisconsin to process registrants who have been classified I–O, is not sufficient to comply with 32 C.F.R. § 1660.20 and does not result in a valid order. In substance, it is defendant's position that the Local Board did not meet subsequent to the authorization from the National Headquarters to order him to report, nor did it issue an order from the January meeting ordering him to report, contingent upon approval of the National Headquarters. Consequently, the defendant argues, the order was issued by the clerk only and is therefore invalid. Defendant asserts that Brede v. United States, 9 Cir., 396 F.2d 155 (1968), rehearing denied 400 F.2d 599 (9th Cir. 1968), supports his position.

In Brede v. United States, supra, the Court reversed the conviction of a conscientious objector for failing to report for a civilian work assignment on the ground that the order directing the defendant to report for the assignment was not issued or authorized by the Local Board. The Local Board had met with the defendant pursuant to 32 C.F.R. § 1660.20(c) and failed to agree with defendant as to what type of civilian work he should perform. However, the Board did select a work assignment for the defendant. The clerk then obtained authority from the National Director of Selective Service to order the defendant to perform the work assignment selected. When this authority was received, an order to report for civilian work form was signed by an employee of the Local Board and mailed to the defendant. No further meeting was held by the Local Board. Defendant failed to report as directed.

The Court in *Brede* pointed out that there was no indication that the employee of the Board was authorized to order the defendant to perform the required assignment. The Court implied that the Board was required to meet and order the defendant to report for civilian work after receiving authorization

from the National Director. On rehearing, the Court modified its opinion by pointing out that the Local Board need not meet after receiving authorization from the National Director but might meet beforehand and enter such an order subsequent to later authorization and notice to the registrant. The Court also indicated on rehearing that the Government, in an appropriate case, could be permitted to show by proof of administrative construction and practice that the result of the meeting held by the Local Board pursuant to 32 C.F.R. § 1660.20(d) was in fact a determination by the Local Board that certain civilian work was appropriate and an implied order to report for this work subject to authorization and notice.

The Fifth Circuit Court of Appeals in Davis v. United States, 402 F.2d 513 (5th Cir. 1968), also ruled that the Local Board, after having met and determined that a I–O registrant is qualified for certain available civilian work, is not required to meet again to consider the registrant's case after the approval arrives from the National Director, since the "critical exercise of administrative judgment" has already been made. To the same effect is the opinion in United States v. Mendoza, 295 F.Supp. 673 (E. D.N.Y. 1969).

Two recent decisions in the Western District of Wisconsin, however, reach an opposite conclusion. In Hestad v. United States (No. 68–C–176, W.D.Wis. 1968), and Cupit v. United States, 292 F.Supp. 146 (W.D.Wis. 1968), that court ruled that an order of the Local Board to report for civilian work assignment may not be implied from the conduct of the Board in recommending particular civilian work to be performed in lieu of induction, and to imply such an order would raise a serious constitutional issue under the due process clause of the fifth amendment. Therefore, the Court construed the regulations as contemplating "an express and reasonably definite and specific motion or resolution *deliberated upon and approved by a majority of the local board,* whether unconditionally and after approval by the National Director, or conditionally and prior to such approval and set forth clearly and understandably *in some readily accessible record* maintained by the local board." Cupit v. United States, supra, at 152. (Emphasis added.)

I do not agree with this latter construction of the regulation. The Local Board in the instant case followed procedures authorized by the *Brede* case decision. The legal adviser to Wisconsin State Selective Service Headquarters testified as to the administrative procedure and construction of the Local Boards in Wisconsin as to 32 C.F.R. § 1660.20. All processing of the registrant is completed by the time the meeting is held. After the Local Board has selected an appropriate place for the work assignment to be performed, all that needs to be done is to obtain authority from the National Headquarters, select the time registrant is to report, and give him notice.

The record shows that the Board met, reviewed the registrant's file, twice offered the registrant civilian work, and heard his objections thereto. The Board then selected an assignment and determined to request authority from the National Director for issuing an order directing the registrant to report to the assignment selected. The vote was unanimous. The clerk had been authorized since 1959 to sign orders requiring board members' signatures.

All significant discretionary action by the Board was completed at the January meeting. Only selecting a date and sending notice to the registrant remained. I believe that under these circumstances, to require the Board to meet again would be a useless, procedural formality.

For all of the foregoing reasons, I am compelled to make the following conclusions of law:

1. The meeting and vote of the defendant's Local Board on January 18, 1967, had the effect of an order directing the defendant to report for a civil-

ian work assignment at the Madison General Hospital, Madison, Wisconsin, subject to authorization by National Selective Service Headquarters, the selection of an appropriate date by the Local Board clerk, and notice to the registrant.

2. After authorization from the National Director was received, the clerk duly signed and mailed a valid order to report for civilian work to the defendant directing him to report to his Local Board for processing to a civilian work assignment at the Madison General Hospital, Madison, Wisconsin.

3. The defendant willfully failed to report as ordered.

4. The defendant is therefore guilty as charged in the indictment.

It is therefore ordered that the defendant, James Robert Buckley, shall be and he hereby is found and adjudged guilty of the offense charged in the indictment.