Kenneth Patrick **CUPIT**, Petitioner,

v.

**UNITED STATES** of America and Keith C. Hardie, United States Marshal, Western District of Wisconsin, Respondents.

No. 68–C–177.

United States District Court
W. D. Wisconsin.

Oct. 29, 1968.

Victor V. Blackwell, Covington, La., for petitioner.

Edmund A. Nix, U. S. Atty., Madison, Wis., for respondents.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 to vacate and set aside a judgment and sentence imposed upon him after his conviction for violation of the Universal Military Training and Service Act, 50 U.S.C. App. §§ 451–471.

Petitioner's selective service file, which was received in evidence in the criminal action, and which has been received in evidence in this § 2255 proceeding, reveals the following sequence of events: On May 19, 1964, petitioner was classified as a conscientious objector (I–O). He sought to have this classification changed to Minister (IV–D) but was unsuccessful. Thereafter, processing toward a civilian work assignment in lieu of induction was commenced pursuant to Selective Service Regulations, 32 C.F.R. § 1660.20.[1] On

---

1. "§ 1660.20 Determination of Type of Civilian Work to be Performed and Order by the Local Board to Perform Such Work.

"(a) When a registrant in Class I–O has been found qualified for service in the Armed Forces after his armed forces physical examination * * * he shall within ten days after a Statement of Acceptability (DD Form 62) has been mailed to him by the local board * * * submit to the local board three types of civilian work contributing to the national health, safety, or interest as defined in section 1660.1, which he is qualified to do and which he offers to perform in lieu of induction into the Armed Forces. If the local board deems any of these types of work to be appropriate, it will order the registrant to perform such work, but such an order shall not be issued prior to the time that the registrant would have been ordered to report for induction if he had not been classified I–O, unless he has volunteered for such work.

"(b) If the registrant fails to submit to the local board types of work which he offers to perform, or if the local board finds that none of the types of work submitted by the registrant is appropriate, the local board shall submit to the registrant by letter three types of civilian work contributing to the national health, safety, or interest as defined in 1660.1 which it deems appropriate for the registrant to perform in lieu of induction. The registrant, within ten days after such letter is mailed to him by the local board, shall file with the board a statement that he offers to perform one of the types of work submitted by the board, or that he does not offer to perform any of such types of work * * *.

"(c) If the local board and the registrant are unable to agree upon a type

November 3, 1965, an administrative officer of the state selective service headquarters sent a letter to the local board advising that the registrant "should be instructed that suitable work is available" and the letter specified three alternatives, including "Maintenance work—Evanston Hospital Association, Evanston, Illinois". This letter was received at the local board office November 4, and on November 5 a letter was sent to the petitioner, setting forth the three alternatives; it was signed:

"By direction of Dane County
Local Board No. 14
Delores Strassman
Chief Clerk"

On May 17, 1966, petitioner met with the local board and the representative of the State Director pursuant to 32 C.F.R. § 1660.20(c) for the purpose of seeking agreement on the type of civilian work to be performed in lieu of induction. No agreement was reached. The minutes of the May 17, 1966, meeting as they appear on the SSS Form 100 in petitioner's selective service file are as follows:

"Registrant met with Local Board and State Director's representative as required by SS Reg. 1660.20(c). No agreement reached. Local board determined to request approval of issuance of order to direct registrant to appropriate work, Evanston Hospital Association, Evanston, Ill.

Statement submitted, Certificate for Servant in Congregation.

Classified I–O."

On July 7, 1966, the State Director forwarded this information to the National Director for his determination "whether [petitioner] may be ordered involuntar-

ily to perform maintenance work at Evanston Hospital Association". In a letter dated July 27, 1966, the National Director responded that "the issuance of an order by the local board requiring [petitioner] to perform the type of civilian work deemed appropriate for him was approved". In a letter dated August 4, 1966, the State Director notified the local board that the National Director had "approved the issuance of an order to report for civilian work in lieu of induction". The State Director's letter reached the local board office on August 5, 1966, and on the same day an "Order to Report for Civilian Work and Statement of Employer" signed by "Delores Strassman, Clerk of the Local Board" was mailed to petitioner. This document indicated that petitioner had "been assigned to institutional work located at Evanston Hospital Association", and that he was to report to the local board on August 25, 1966, to receive instructions to proceed to the place of employment. On August 25, 1966, petitioner filed a statement with the local board that he would not so report. In a letter dated August 24, 1966, petitioner stated that he was "reappealing" to the local board for a IV–D classification. On September 13, 1966, the local board met and reviewed this letter and voted to retain petitioner in the I–O classification. The minutes of that meeting as they appear on the SSS Form 100 in petitioner's selective service file are as follows:

"Letter, dated 8–24–66, was reviewed and the local board voted to retain the reg. in I–O."

In a letter to the local board dated November 22, 1966, the State Director recommended that the "Order to Report for Civilian Work and Statement of Employ-

of civilian work which should be performed in lieu of induction, the State Director of Selective Service for the State in which the local board is located, or the representative of such State Director, appointed by him for the purpose, shall meet with the local board and the registrant and offer his assistance in reaching agreement.

"(d) If, after the meeting referred to in paragraph (c) of this section, the local board and the registrant are still unable to agree upon a type of civilian work which should be performed by the registrant in lieu of induction, the local board, with the approval of the Director of Selective Service, shall order the registrant to report for civilian work.
* * * *"

er" of August 5, 1966, be cancelled because of a procedural irregularity; this irregularity consisted of a reference in the said "Order" to "institutional work" rather than "maintenance work". The said letter from the State Director was received by the local board on November 23, 1966, and a letter signed by "Delores Strassman, Chief Clerk" was sent to petitioner on the same day notifying petitioner of this cancellation. On this same day also an "Order to Report for Civilian Work and Statement of Employer" signed by "Delores Strassman, Clerk of the Local Board" was mailed to petitioner. This document stated that petitioner was to report to the local board on December 7, 1966, to receive instructions to proceed to the place of employment. On December 7, 1966, petitioner filed a statement with the local board that he would not so report. He did not so report.

A criminal action was brought against petitioner. The information charges in pertinent part as follows:

"On or about the 7th day of December, 1966, * * * Kenneth Patrick Cupit did knowingly fail, neglect or refuse to perform a duty required of him under Title 50 App. U.S.C.A., Sections 451–471, in that he did knowingly fail or neglect or refuse to obey an order of Selective Service Board #14, Dane County, Madison, Wisconsin to report as directed for civilian work at Evanston Hospital Association, Evanston, Illinois. * * * "

Thus it is clear that the "order" signed and mailed to petitioner by the chief clerk on November 23, 1966, is the order which petitioner was charged with disobeying. Petitioner was tried and convicted by the court without a jury on April 22, 1968.

Subsequently, and prior to imposition of sentence in the action here against this petitioner, the United States Court of Appeals for the Ninth Circuit rendered its decision in Brede v. United States, 396 F.2d 155 (9th Cir. 1968) (hereinafter Brede I). Faced with a factual situation similar to the one at bar, the court held that § 1660.20(d) requires the local board, after receiving authorization from

the National Director, actually to meet and to order the registrant to report for civilian work. Upon petition for rehearing, the court modified its opinion by striking that portion which stated that the meeting and order of the board had to occur *after* the authorization from the National Director had been granted. Brede v. United States, 400 F.2d 599, 9th Cir., September 16, 1968 (hereinafter Brede II). The court adhered to its prior holding insofar as it required the board to meet at some point in time and to order the registrant to report for civilian work. The government contended that under universal administrative construction of § 1660.20(d), and universal administrative practice, a determination that certain work is appropriate constitutes an implied order to report for such work, subject to authorization by the National Director and notice. The court left this issue open, noting:

"The government's contention may have merit in an appropriate case. Here, however, the record is silent as to administrative construction and practice, or as to any understanding of the board in such respects from which it might be found that the critical exercise of administrative judgment has been made." (page 600 of 400 F.2d)

Sentence was imposed on petitioner in the proceeding in this district on October 25, 1968, and he was committed to the custody of the United States Marshal to begin serving his sentence forthwith. Petitioner immediately moved pursuant to 28 U.S.C. § 2255 to vacate and set aside the judgment and sentence. Petitioner relies on the two Brede decisions. He contends that no offense was in fact committed since he was not actually "ordered" to report for work in lieu of induction; that after receiving authorization from the National Director the local board did not meet and issue an order for petitioner to report for work; that the clerk of the local board issued an "order" without authorization from the board; and that the "order" was issued by the board clerk

without any determination by the board that petitioner would have been ordered to report for induction if he had not been classified I–O. None of these contentions had been raised by petitioner at the trial.

The government contends that a motion under 28 U.S.C. § 2255 is not available to petitioner since he has not exhausted his right of appeal. The government has therefore moved to dismiss the proceeding.

■ While a sentence is not ordinarily subject to collateral attack under 28 U.S.C. § 2255 for errors of law which could be corrected on appeal, Pelley v. United States, 214 F.2d 597, 598 (7th Cir. 1954), cert. denied 348 U.S. 915, 75 S.Ct. 296, 99 L.Ed. 718 (1955); United States v. Jonikas, 197 F.2d 675, 676 (7th Cir.), cert. denied 344 U.S. 877, 73 S.Ct. 171, 97 L.Ed. 679 (1952), there may be exceptional circumstances in which a motion under 28 U.S.C. § 2255 may be available to a petitioner although no appeal has been taken and although the error might be corrected on appeal. Cf. Adams v. United States ex rel. McCann, 317 U.S. 269, 273–275, 63 S.Ct. 236, 87 L.Ed. 268 (1942); Larson v. United States, 275 F.2d 673, 679 (5th Cir.), cert. denied 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732 (1960).

■ I conclude that this is such a case. Since the contentions raised on this motion were not raised at the trial, it may be that they would not be considered on appeal. However, it may be that they would be considered on appeal if it was considered that clear error had occurred, affecting the substantial rights of petitioner. Rule 52(b), F.R.Crim.P. See Sykes v. United States, 373 F.2d 607, 612 (5th Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138. See Cummings, J., dissenting, in United States v. Lyon, 397 F.2d 505, at 513 (7 Cir. 1968). If these contentions were to be considered on appeal, it might become necessary for the case to be remanded to this court for further proceedings. It is appropriate, therefore, to consider these contentions here.

The government's motion to dismiss is hereby denied.

Petitioner has not attempted to introduce any new evidence to support his contentions, but is content to rest on the record in the criminal prosecution. The government, however, sought to introduce testimonial and documentary evidence to show that under the custom and practice in the selective service system in Wisconsin and in the local board involved at the time in question, when the meeting between the local board and the registrant failed to produce agreement on the civilian work to be performed, the board would then determine that certain civilian work was appropriate; that the State Director would then be asked to seek the approval of such work by the National Director; and that when notice of approval by the National Director had been received at the local board office, the clerk would fill in, sign, and issue the "order" (SSS Form No. 153).

■ Petitioner has objected to the introduction of this evidence on the ground that the government should not now be permitted to attempt to shore up the record in the criminal case, which record is claimed to be inadequate. I have concluded that the introduction of this evidence should be allowed. It would be unfair to allow petitioner to raise a contention of this kind for the first time after the criminal prosecution has proceeded beyond the trial, and then to prohibit the government from attempting to meet it.

Petitioner's objection to the introduction of the government's evidence in the § 2255 proceeding is hereby overruled.

Petitioner has been convicted and sentenced for failing, neglecting, or refusing to obey an "order" of his local board. It is clear that petitioner received a paper dated November 23, 1966, denominated an "order", signed by the clerk, directing him to report to the local board office on December 7, 1966, and that he did not so report. And it is clear that an "order" form may be signed by the clerk, upon proper authorization. But the underlying "order" must be the order of the board, not that of the clerk.

It is the action taken by the board when it adopts a motion or resolution that a registrant be required to report at a given time and place, which is fairly to be regarded as its "order". The form in which the "order" is conveyed to the registrant may vary. The board might, for example, set forth the motion or resolution on a piece of paper signed by each member of the board and have it delivered to the registrant. On the other hand, the board might, either by a general or particular delegation, authorize one of its members or the clerk to set forth the motion or resolution on a piece of paper, sign it, and have it delivered to the registrant.

■ Whatever the authorized and prescribed form of the notice or "order" which is delivered to the registrant, however, the essential element is that a duly constituted majority of the board deliberate upon and approve a reasonably definite and precise proposition, namely, that a given registrant is required to perform a given act.

■ It was held in *Brede* I that this board deliberation upon and approval of a reasonably definite proposition must occur, by virtue of the language of C.F.R. § 1660.20(d), subsequent to the point in time at which the proposition receives approval by the National Director. In *Brede* II it was held that this board deliberation upon and approval of a reasonably definite and precise proposition need not occur subsequent to the point in time at which the proposition receives approval by the National Director. I agree.

The remaining issue is whether the local board in this case did deliberate upon and approve a reasonably definite and precise proposition that the petitioner was required to report at a given time and place in order to perform a given type of civilian work. It is clear from the record that no such action by the board occurred subsequent to the point in time at which the National Director issues his letter of July 27, 1966, stating that the issuance of an order by the local board requiring the petitioner to perform the type of civilian work deemed appropriate for him had been approved. It is likewise clear that at no time prior to the time at which the National Director issued his letter of July 27, 1966, did the local board deliberate upon and approve a proposition to this effect:

"Having been found to be acceptable for civilian work contributing to the maintenance of the national health, safety, or interest, the registrant has been assigned to maintenance work located at Evanston Hospital Association, Evanston, Illinois.

"The registrant is ordered to report to this local board where he will be given instructions to proceed to the place of employment.

"The registrant is ordered to report for employment pursuant to the instructions of the local board and to remain in such employment for twenty-four consecutive months or until such time as he is released or transferred by proper authority.

"This order is to become effective upon approval by the National Director. When said approval has been received, the clerk of this board is hereby authorized to sign and issue upon SSS Form No. 153 an order consistent with this resolution. The clerk is further authorized to specify in said SSS Form No. 153 such day and hour for registrant to report as may conform to applicable statutes and regulations."

The government contends that by its actions in this case the board implied an order of the kind set forth in the preceding paragraph of this opinion. Such an order is to be inferred, it contends, from the following:

(1) The fact, as I hereby find, that following a meeting with the petitioner on May 17, 1966, the board "determined to request approval of issuance of order to direct registrant to appropriate work, Evanston Hospital Association, Evanston, Ill.";

(2) The fact, as I hereby find, that it was the custom and practice

among local boards in Wisconsin at the time, if no agreement could be reached with a registrant as to the type of civilian work to be performed in lieu of induction, to determine the type of work that would be appropriate for the registrant to perform; to request approval through the State Director by the National Director of the issuance of an order to direct the registrant involuntarily to perform this type of work; and to allow the clerk, upon notification from the National Director that the issuance of such an order had been approved, to sign and to mail to the registrant an order to report at a given time and place to commence this work;

(3) The fact, as I hereby find, that the National Director was requested by the State Director to determine whether the petitioner could be ordered involuntarily to perform maintenance work at Evanston Hospital Association, Evanston, Illinois; that the National Director did inform the State Director that the issuance of such an order had been approved; and that the State Director notified the clerk of the local board that such approval had been given; and

(4) The fact, as I hereby find, that the clerk thereafter signed and issued the "order" in question.

 I cannot agree that a local board may be permitted merely to imply by its conduct, or that a registrant is obliged to infer from the local board's actions and customs and practices, that the local board, as distinguished from its clerk, or as distinguished from one of its members, or as distinguished from a minority of its members, has "ordered" that the registrant report for two years of civilian work. Such a solemn personal choice as the choice which a young man, motivated by deep, conscientious convictions, must exercise between two years of hospital work, a task which may con-

flict with those convictions, and probable confinement in prison should not be triggered by an "implication". So to construe C.F.R. § 1660.20(d) and 50 U.S.C. App. §§ 451–471 would be to raise a serious constitutional issue under the due process clause of the Fifth Amendment. To avoid that constitutional issue, I construe the term "order" as it appears in said regulation and said statute to mean an express and reasonably definite and specific motion or resolution deliberated upon and approved by a majority of the local board, whether unconditionally and after approval by the National Director, or conditionally and prior to such approval and set forth clearly and understandably in some readily accessible record maintained by the local board.

No "order" so defined appears in this record.

The motion under 28 U.S.C. § 2255 is hereby granted, the order and judgment entered herein on April 22, 1968, and the judgment entered herein October 25, 1968, are hereby vacated and set aside, and the United States Marshal for the Western District of Wisconsin is hereby ordered to discharge the petitioner from his custody forthwith.