**UNITED STATES of America,
Plaintiff,**

v.

**John Harold SLOAN, Defendant.
Crim. No. 42461.**

United States District Court
N. D. California.
March 26, 1969.

John G. Milano, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

John T. Hansen, San Francisco, Cal., for defendant.

## DECISION

HODGE, Senior District Judge.

This is the decision in the case of the United States v. Sloan on the defendant's Motion for Judgment of Acquittal.

First of all, I wish to make it clear in the record that, I, as a federal Judge sworn to uphold the law of the land, do not condone and, in fact, condemn severely the action of this defendant in turning in his card to the Selective Service Board and in writing them a letter in which he refused to cooperate with the Selective Service Act.

 I also find that he was indeed delinquent as found by the board. It was suggested in the argument yesterday that there was no duty upon him to carry with him his registration card. I find that that argument is directly refuted by § 1617.1 of the regulations relating to the Selective Service Act promulgated under the authority of Congress, which provides that it is the duty of the registrant to always carry with him the registration card.

I also find that the action of the board in their decision on a vote of three to nothing on February 5, 1968, declaring the defendant to be delinquent, was correct.

Delinquency as defined by § 1602.4 of the regulations includes the failure of any person registered under the act to perform or neglect to perform any duty required of him under the provisions of the selective service law. Therefore, the declaration of delinquency under the provisions of § 1642.4 of the regulations appears to me to have been entirely proper, which provides that the board may declare delinquent, by order, any registrant who fails to conform to the provisions of the Selective Service Act.

I also find that such delinquency was wilful, deliberately wilful.

I also find that the classification or change of classification made by the board pursuant to such delinquency was proper and complied with the provisions of § 1642.10 of the regulations which provide that a person declared delinquent may be ordered to report for civilian work in lieu of induction or may be ordered to report for induction, in accordance with § 1642.13 of the regulations.

However, we are faced, gentlemen, with two serious deficiencies in procedure, which I find to be such as to require granting the Motion for Judgment of Acquittal; that is, these deficiencies are such as certainly to be prejudicial to the rights of the defendant.

The first and most important one is the order to report for induction, such was addressed to the defendant on May 6, 1968, and signed by a member— I think the chairman—of the Selective Service Board. It appears in this order and from this record that there was no meeting of the board to order such report for induction as a delinquent. I find from the regulations that such meeting of the board is definitely required.

A very recent case called to my attention which, although not exactly identical, is certainly very close to the situation here presented, is the decision of Judge Pierson M. Hall in the case of the United States v. Lott in the Central District of California on October 9, 1968. In this decision, Judge Hall granted a motion for judgment of acquittal based solely upon the ground that the board had not complied with certain regulations of the Selective Service Act with respect to ordering to report for induction a number of men required to fill the call.

I find the situation here to be much more imperative than the one which

Judge Hall considered. I cannot find that the order for induction was automatic, as suggested by a witness for the plaintiff, but find rather that there must be some action of the board to order the induction of this registrant upon determination at a formal meeting of the board. That is the intention of the regulation. I also find that such is prejudicial.

Similarly, there are other decisions of the courts, which appear in recent years to be very much concerned with these regulations, which support this conclusion. I refer first to the case of Brede v. United States, in the Circuit Court for this circuit, 396 F.2d 155, in which the court first held that there was no prejudicial error to the defendant or registrant when the board did not comply with the section of the regulations with reference to the authority of the board to require the registrant to report for certain type of civilian work as authorized by the director.

But upon rehearing on September 16, 1968—or rather they do not call it a rehearing, but a modification, reported in 400 F.2d 599—the Circuit Court holds that this section does not require a meeting to be held as agreement was reached as to the nature of the work at the previous meeting. Therefore, the act would be only ministerial in nature. We do not have that situation here.

There is also the case of United States v. Walsh, decided by the District Court of Massachusetts in 1968, 279 F.Supp. 115, in which it was held that the failure of the board to meet and act upon defendant's request to reopen a case and consider reclassification violated procedural due process; and the order of induction was held void.

Likewise, we have the case of Cupit v. United States, 292 F.Supp. 146, decided by the District Court of Wisconsin, 1968, which held that where the board failed to deliberate upon and act upon a proposition that the registrant was required to report at a given time for civilian work was error, following the *Brede* case.

There is another ground that I had first thought unimportant, but I find that the courts have held otherwise. That is this business of giving the registrant a chance to finally change his mind upon this military rule of "stepping forward" when lined up for induction.

Our own Circuit Court in the case of Chernekoff v. United States, 219 F.2d 721, upheld the defendant's contention that the failure to require him to step forward at the induction center was error and distinguished other cases cited to me, including Edwards v. United States in the same circuit in 1965; other cases cited to me, including Bradley v. United States, 9 Cir., 218 F.2d 657 and Qualls v. Russell, 6 Cir., 379 F.2d 314, relate to wholly different propositions which I find to be inapposite. There is another decision, United States v. Kroll which follows the *Chernekoff* case, 3 Cir., 402 F.2d 221.

By reason of these procedural errors only, and especially by reason of the failure of the board to act upon the defendant's delinquency before ordering him to report for induction, I am bound to sustain the Motion for Judgment of Acquittal, and that will be the order. The defendant is deemed acquitted and his bond, if any, exonerated.

Now, I wish again to repeat that this decision should be of no comfort to those who would wilfully violate the Selective Service laws because they do not believe they are right. I too do not like the war. I too do not like the Selective Service System as it now exists. But that does not mean that we can deliberately flaunt it. And those who would do so, unless they are as fortunate as Mr. Sloan here, had best take notice.