**UNITED STATES of America, Plaintiff,**

v.

**Michael Lawrence WILSON, Defendant.**

**Crim. No. 42618.**

United States District Court
N. D. California.

Sept. 5, 1969.

Cecil F. Poole, U. S. Atty., John G. Milano, Asst. U. S. Atty., for plaintiff.

James G. Seely, Jr., for defendant.

OPINION AND ORDER

HODGE, Senior District Judge.

The above defendant has been indicted for refusal to report for induction in vi-

olation of Title 50, App.U.S.C. § 462, being the Selective Service Act.

Defendant has filed herein at the time of trial his Motion for Judgment of Acquittal and in the alternative a Motion for Dismissal of the Indictment. The Motion for Dismissal had previously been heard by another Judge of this Court and denied without prejudice to the defendant bringing the matter up before the trial judge at the time of trial. A brief statement of the facts is first necessary to explain the situation.

The evidence consisted largely of a transcript of the entire proceedings before the local board of the registrant which was introduced in evidence, from which we find the following: Defendant was first registered under the Selective Service system with the local board at Santa Ana, California, as he was then residing at Anaheim within such district. The date of his registration was April 2, 1963. This board on January 12, 1967, ordered him to report for an armed forces physical examination at Santa Ana. He did report but refused to submit to the processing procedures provided by regulation for such examination; he insisted upon carrying with him into the examination room an anti-draft placard and, being refused, was ejected from the examination room. The matter was then reported to the California state headquarters of the Selective Service system. The board upon instructions from the commanding officer of the station at Santa Ana after a meeting classified defendant as delinquent and sent him, on May 16, 1967, a delinquency notice upon the grounds that he refused to submit to processing procedures for pre-induction. Upon orders from the California headquarters he was then ordered to report for induction as a delinquent, without a further meeting of the board. He did report but again refused to comply with the regulations which was also reported to the state headquarters. He then wrote a letter to the local board at Santa Ana in which he stated he would not "attempt to justify my contempt for the

United States government or my unwillingness to submit to slavery" and that he would request a transfer if scheduled again to report. Thereafter he was transferred at his request to the local board at Berkeley, California. He did report but again refused to follow the required procedures which was reported to the selective service headquarters at San Francisco. Following some further correspondence between the local boards at Santa Ana and Berkeley the matter was referred to the United States attorney; and the defendant, again informed of his delinquency, wrote, "I will not, under any circumstances, accept induction into any branch of the armed forces of the United States of America" and signed the letter "Yours for the Revolution". On January 15, 1969, an indictment was found against him charging that he failed to report for induction on August 22, 1967.

The motion is based upon four grounds which I shall discuss briefly.

"1. *The local board acted improperly in purporting to declare Mr. Wilson a delinquent in violation of the due process clause of the United States Constitution, the Selective Service Act, and the rules, regulations and directions made pursuant thereto.*"

The regulations provide:

"Whenever a registrant has failed to perform any duties required of him under the selective service law * * * the local board may declare him a delinquent."

Clearly the actions and contemptuous attitude of the defendant were sufficient to declare him a delinquent. The rules and regulations regarding delinquency were expressly followed. Defendant claims that "this arbitrary power" cannot be given to the local board consistent with due process. I fail to find any authority sustaining this claim. In fact, the regulations promulgated under the Selective Service Act have been many times approved by the courts. Defendant also claimed that the policy of the Selective Service Act is that the system

of selection shall be "fair and just". It is difficult to perceive how Mr. Wilson's original selection and the declaration of delinquency which followed can be characterized as unfair or unjust. The regulations provide that when the local board receives a Notice of Call, it shall "select and order to report for induction the number of men required to fill the call". This was done.

"2. *The local board failed to take any action to order defendant to report for induction.*"

■ This Court in the case of United States v. Sloan, 302 F.Supp. 596, on March 26, 1969, upheld this contention upon the grounds that it was necessary for the board to again meet and order the registrant to report for induction, finding no appellate authority previously on this question and distinguishing Brede v. United States (C.A. 9) 396 F. 2d 155, wherein it was held upon rehearing that there was prejudicial error where the board did not comply with the section of the regulations with reference to the authority of the board to require the registrant to report for certain type of civilian work as authorized by the Director, in which case the board must meet. Another Judge of this Court in the present case has held to the contrary without prejudice, that is that no further meeting of the board is necessary to order induction of a delinquent, which is an administrative act. Meanwhile the 9th Circuit Court of Appeals has considered this question in two recent opinions. In one of them, United States v. Hughes, 414 F.2d 1330, opinion filed July 25, 1969, the Court held that they were dealing with problems similar to those dealt with in *Brede* and that it was necessary for the board to meet with reference to the selection of the type of work that the defendant should be ordered to perform upon report of the National Director in lieu of induction and that the local board took no action after receiving the approval of the National Director. In the other case, United States v. Weersing, 9 Cir., 415 F.2d 130, opinion filed August 7, 1969, the exact issue here involved was presented to the Circuit Court, but the Court held in accordance with its usual practice that lack of proof of compliance of such requirement is not a ground for reversal where the issue was not raised at the trial.

However, the Second Circuit Court of Appeals on January 29, 1969, has given to us a standard which we think should be here applied. In the case of United States v. DeNarvaez, 407 F.2d 185, the Court held that there is no merit to the appellant's claim that the orders to report for physical examination and for induction were invalid because not authorized by the entire board, holding specifically that,

"The steps between reclassifying appellant and calling him and those that followed the finding that he was delinquent were ministerial, and did not require the action of the entire Board."

■ "3, 4." *The unexplained and inexcusable delay of more than one year and four months between the alleged offense and the indictment denied defendant due process of law and his right to a speedy trial, is violative of the Selective Service Act and the regulations issued pursuant thereto, and is a ground for dismissal under Rule 48(b), Federal Rules of Criminal Procedure.*"

In view of the conduct of the defendant and necessity of corresponding with the Director and the U. S. Attorney concerning this matter the delay appears to have been justified or, at least, the Court is unable to find that such delay was "unnecessary". Also we can find no suggestion that such delay was prejudicial or oppressive to defendant. Lucas v. United States (C.A.9) 363 F.2d 500 at p. 502.

The defendant's motion is therefore denied.

The Court also finds from the evidence that defendant is guilty as charged. No special findings of fact or conclusions of law have been requested. Defendant is ordered to appear before

the undersigned Judge of the above entitled Court at 10:00 a.m. on Wednesday, September 10, 1969, for such further proceedings as may be required.