**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul Alexander SMOGOR, Defendant-Appellant.**

**No. 17173.**

United States Court of Appeals
Seventh Circuit.

Rehearing Denied July 3, 1969.

Opinion Filed Aug. 25, 1969.

Certiorari Denied Dec. 8, 1969.

See 90 S.Ct. 460.

Thomas L. Shaffer, Notre Dame, Ind., George N. Beamer, Jr., South Bend, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., Richard L. Kieser, Asst. U. S. Atty., South Bend, Ind., for appellee.

ON PETITION FOR REHEARING

Before KILEY, and SWYGERT, Circuit Judges, and HOFFMAN, District Judge.[1]

PER CURIAM.

The defendant's petition for rehearing presents two arguments: 1) that he exhausted all available administrative remedies and 2) that his order to report for induction was improperly issued. The district court precluded the defendant from presenting evidence relating to the legality of his selective service classification as a defense to the criminal prosecution for failure to report for induction. Essentially, defendant Smogor asserts that his I–A classification and subsequent order to report for induction were invalid and that he should have been given a conscientious objector classification. We affirm our holding that the defendant was properly precluded from raising his conscientious objector defense for the reason that he failed to exhaust an available administrative remedy, namely, appeal from his I–A classification. Further it cannot be argued that the local board improperly failed to reopen Smogor's classification. It was not until Smogor had committed the act for which he was prosecuted that he first communicated with the local board regarding his conscientious objector views. Cf. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966).

The Supreme Court recently underscored the importance of allowing the Selective Service System's administrative hierarchy of local and state appeal boards an opportunity to apply their expertise in passing on registrants' claims in the first instance, especially claims raising matters most suited to a board's special knowledge: "[M]any classifications require exercise of discretion or application of expertise; in these cases, it may be proper to require a registrant to carry his case through the administrative process before he comes into court." McKart v. United States, 395 U.S. 185, 200, 89 S.Ct. 1657, 1666, 23 L.Ed.2d 194 (1969). Further the Court noted: "Conscientious objector claims * * * appear to be examples of questions requir-

1. Judge Hoffman is sitting by designation from the United States District Court for the Northern District of Illinois.

ing the application of expertise or the exercise of discretion." Id. at 198 n. 16, 89 S.Ct. at 1665. The defendant's failure to appeal his I–A classification is a bar to raising improper classification arguments. For this reason it is unnecessary to explore the effect of the *McKart* decision or the apparent failure of the Government to offer as evidence Army Regulation 601–270 at trial on our conclusion that the defendant's failure to avail himself of the physical examination remedy at the induction center is an alternative ground for not considering his improper classification defense.

 The second issue raised by the petition for rehearing is that beause the order to report for induction was issued without any local board action, it was invalid. The evidence showed that the local board met periodically and determined which registrants were qualified for induction and that after such a determination, the files of those registrants found qualified were placed in a file cabinet in the order of their birth date with the oldest being placed first. Subsequently, the clerk of the board, upon receiving a manpower call, would pull the files in the same order and send induction orders to registrants whose files had been pulled. This delegation of authority was proper and no possible prejudice resulted to the defendant as a result of the local board's procedure.

Cupit v. United States, 292 F.Supp. 146 (W.D.Wis.1968), and Brede v. United States, 396 F.2d 155 (9th Cir. 1968), are not inconsistent with our holding. Those cases held invalid orders to report for civilian work that had been issued by the clerk of the local board without the express prior approval of the local board of the civilian work to be performed by the registrant. Before such an order can be lawfully issued, it is necessary for the registrant and the Selective Service System to determine the type of civilian work to be performed by the registrant. 32 C.F.R. § 1660.20. The court said in *Cupit:* "Whatever the authorized and prescribed form of the notice or 'order' which is delivered to the registrant, how-

ever, the essential element is that a duly constituted majority of the board deliberate upon and approve a reasonably definite and precise proposition, namely, that a given registrant is required to perform a given act." 292 F.Supp. at 151.

Smogor's local board by classifying him I–A and directing that his file be placed in proper chronological order in effect "required" him to perform a specific act. The timing of his order to report for induction was merely ministerial and no prejudice resulted from the action of the clerk of the local board.

The petition for rehearing is denied.