**Jeffrey Barry SEGAL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 17610.**

United States Court of Appeals, Seventh Circuit.

March 10, 1970.

Helen Hart Jones, Sheli Z. Rosenberg, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Michael B. Nash, David M. Hartigan, Asst. U. S. Attys., of counsel, Chicago, Ill., for appellee.

Before KILEY, CUMMINGS and KERNER, Circuit Judges.

KILEY, Circuit Judge.

Defendant was convicted in 1966 for failing to report for induction, 50 App. U.S.C.A. § 462, as ordered by his local draft board. This court affirmed. The district court dismissed defendant's 28 U.S.C. § 2255 petition now before us, and he has appealed. We affirm.

Defendant contends the local board's order to report is invalid because the

board violated Selective Service Regulations 32 C.F.R. §§ 1631.7 and 1632.1 by failing to meet, select him for induction, and order him to report. Concededly the board did not meet for the purpose of selecting defendant individually and ordering him to report. If defendant's contention is correct, his conviction must be set aside.

The local board classified defendant 2–S on November 2, 1964. On January 4, 1965, he was classified 1–A and notice of his reclassification was mailed to him. No action was taken by the board between the date of his 1–A reclassification and the expiration of the ten day period allowed for the appeal of a classification. On January 18, 1965, he was mailed an Order to Report for Induction. He failed to report and his indictment, trial and conviction followed.

Section 1631.7 provides, so far as pertinent, that each local board "shall select and order to report for induction the *number of men*" acceptable for service required to fill the call. (Emphasis added.) The Section then states the order in which "[s]uch registrant shall be selected and ordered to report for induction:

    \*    \*    \*    \*    \*    \*

"(3) *Nonvolunteers* who have attained the age of 19 years and have not attained the age of 26 years and who (A) do not have a wife with whom they maintain a bona fide family relationship in *their homes*, in the order of their dates of birth with the oldest being selected first, or (B) have a wife \* \* \* in the order of their dates of birth with the oldest being selected first.

"In selecting *registrants* in the order of their dates of birth, if two or more registrants have the same date of birth they shall, as among themselves, be selected in alphabetical order." (Emphasis added.)

It is clear to us that Section 1631.7 speaks in plural terms of registrants and that the one term "[s]uch registrant" refers to the many in the "number of men \* \* \* found acceptable for service." The Section sets out a mandatory scheme which must be followed when registrants are ordered to report. We see nothing in this Section which compels a conclusion that the board must itself meet and order each individual registrant to report. United States v. Smogor, 415 F.2d 296, 298 (7th Cir. 1969); United States v. Baker, 416 F.2d 202, 204 (9th Cir. 1969); United States v. Powers, 413 F.2d 834, 839–841 (1st Cir. 1969).

Section 1632.1 provides that "immediately upon determining which *men*" (emphasis added) are to report the "board shall prepare for each man" an SSS Form 252 in duplicate, specifying the date to report and "shall mail the original to the registrant." We cannot see how the local board of five members could prepare the orders or mail them. Once the board complies with the mandatory scheme of Section 1631.7, the preparation of the forms and mailing of the orders is "ministerial work" which is proper for the clerk to perform. See Hestad v. United States, 418 F.2d 1063 (7th Cir. decided Nov. 7, 1969). Neither Brede v. United States, 396 F.2d 155, nor that decision as modified in 400 F.2d 599 (9th Cir. 1968), nor Beierle v. United States, 400 F.2d 128 (9th Cir. 1968) is pertinent.

We hold the Order to Report for Induction issued by the board was not invalid simply because the board did not meet specifically with respect to this order before it issued.

Affirmed.