**UNITED STATES of America ex rel. Maurice R. JOHNSON, Petitioner,**

v.

**Lt. Col. Willie H. McBEE, Respondent.**

**No. 70 C 230.**

United States District Court,
N. D. Illinois, E. D.

March 26, 1970.

Francis E. Andrew, Chicago, Ill., for plaintiff.

Thomas A. Foran, U. S. Atty., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

The petitioner in this action was inducted into the Armed Forces of the United States on February 2, 1970. He immediately filed this petition for writ of habeas corpus, claiming that the actions of his local Selective Service Board contravened pertinent statutes and regulations and denied him due process of law, thus entitling him to release. An amended petition was subsequently filed, and respondent filed a return to the rule to show cause in the form of an answer.

A hearing was held before me on March 23, 1970, at which time counsel for the parties stipulated to the admissibility of a certified copy of petitioner's Selective Service file. No other evidence was offered. Upon examination of the file, the pleadings and the law, I have determined that petitioner is entitled to no relief and that the petition for writ of habeas corpus must therefore be dismissed.

Petitioner's first allegation is that the Board erred in failing to formally reopen his classification when he requested a hardship deferment in November of 1968. He had been classified 1–A since June of 1968, and on November 12 of that year he was sent an order for induction. Three days later, on November 15, he informed the Board of his marriage on August 16, 1968. On November 17 he requested a hearing to "appeal" his induction order, alleging financial hardship to his wife if he were inducted. On November 21 he filed a Dependency Questionnaire (SSS Form 118) detailing his financial situation.

The Board considered this information on December 11 and, by letter of December 13, notified petitioner that it had "reviewed [his] file and after careful consideration it was their decision that no change in classification was warranted." By letter of January 2, 1969 he was requested to appear at the next Board meeting "in accordance with [his] request of 17 November 1968." The minutes of that interview read "no change".

Petitioner argues that the Board's failure to reopen his classification denied him procedural rights and due process. See, e. g., United States v. Freeman, 388 F.2d 246 (7th Cir. 1967). The Board was required to reopen his file, however, only if he presented evidence of a change in status due to circumstances beyond his control, occurring since his induction order, which would if true entitle him to reclassification. 32 C.F.R. § 1625.2(b); Davis v. United States, 374 F.2d 1 (5th Cir. 1967). It was apparent from the information submitted, however, that the alleged hardship predated the induction order, com-

mencing as it did with his marriage in August, 1968. Therefore, the Board was not required to reopen his classification.

Petitioner argues alternatively that the Board did, in fact, reopen his classification without providing the procedural safeguards, such as the right to a personal appearance and an appeal, required by the regulations. Such procedural rights must be afforded an applicant for reclassification if the evidence is weighed and the merits of his request are resolved by the Board. Miller v. United States, 388 F.2d 973 (9th Cir. 1967); United States v. Grier, 415 F.2d 1098 (4th Cir. 1969). The evidence does not show, however, that such occurred here.

Nowhere in petitioner's file is there any indication that the merits of his hardship claim were determined. Granting a personal hearing does not constitute a reopening, United States ex rel. Luster v. McBee, 422 F.2d 562 (7th Cir. 1970); United States v. Mulloy, 412 F.2d 421 (6th Cir. 1969), especially when done at the registrant's request. And a review of the file is proper, indeed necessary, to determine if the classification should be reopened. United States ex rel. Luster v. McBee, *supra*. Because the record does not show that the Board reopened petitioner's classification, he was not denied his procedural rights.

Petitioner next claims that the Board's failure to reopen his classification after receipt of a request for a 111–A (fatherhood) classification in June, 1969 was improper. Petitioner had once again been ordered, on April 28, 1969, to report for induction. A letter from a doctor was received by the Board on June 11, 1969, stating that petitioner's wife "has probable signs and

symptoms of pregnancy."[1] His classification was not, however, reopened.

Petitioner is correct in his assertion that, in some circumstances, boards must reopen a classification even though the notification of fatherhood is received after induction has been ordered. 32 C.F.R. § 1625.2(b); Talcott v. Reed, 217 F.2d 360 (9th Cir. 1954). In this instance, however, the notification was inadequate for it did not comply with the express requirement of 32 C.F.R. § 1622.30(c)(3). That section permits fatherhood classification when the child is not yet born only if a doctor's certificate states "that the child has been conceived, the probable date of its delivery, and the evidence upon which his positive diagnosis of pregnancy is based." The absence of such information here rendered the Board powerless, under the regulation, to classify petitioner 111–A. It was obviously not, therefore, required to reopen his classification. Battiste v. United States, 409 F.2d 910, 914–915 (5th Cir. 1969), vacated on other grounds, Troutman v. United States, 397 U.S. 48, 90 S.Ct. 812, 25 L.Ed.2d 35.

Failure to comply with the regulation was also defective in that new "facts" were not presented to the Board which justified reopening petitioner's classification. A tentative diagnosis of "probable" pregnancy which states no supporting facts does not rise to the level of evidence of circumstances beyond the registrant's control necessary to establish a prima facie case and thereby require reopening.[2] 32 C.F.R. § 1625.2; Vaughn v. United States, 404 F.2d 586, 590 (8th Cir. 1969).

Petitioner also claims that the Board's failure to meet to consider his request for a fatherhood deferment violated the regulations and denied him procedural

---

1. A child was born to petitioner and his wife on February 11, 1970.

2. Indeed, petitioner recognizes the factual inadequacy of this notification, for he states that "[f]or all that the local board knew, Petitioner's wife was at that time

more than seven months pregnant * * *" (Brief, p. 7). Had the regulation's requirements been met, the Board would not have been left to such idle and unfounded speculation.

due process. However, the fact that the notification of pregnancy did not comply with § 1622.30(c)(3) sufficiently disposes of this contention, for petitioner's failure to satisfy the threshold requirement of the regulation divested the Board of discretion and left nothing, in fact, for it to consider. There was, therefore, no reason for it to meet.

■■ Petitioner's next contention is that one of the Board members resides outside of the area within the Board's jurisdiction, and that therefore no valid quorum was present when he was classified 1–A. That part of the regulation in question requiring that Board members live within the jurisdiction "if at all practicable" (32 C.F.R. § 1604.52(c)) is not mandatory, however, and failure to comply is not subject to collateral attack. Czepil v. Hershey, 425 F.2d 251 (7th Cir. 1970.)[3]

■ Petitioner also claims that his 1–A classification was without basis in fact because the Board had received evidence of a medical disorder which rendered him unacceptable for service under Army Regulations. However, the record reveals that he was examined on April 15, 1968, after receipt of the above evidence and before the 1–A classification issued. There was therefore a basis in fact for the classification, and consequently further judicial review is precluded. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States ex rel. Luster v. McBee, *supra*.

■ Furthermore, the record reveals that petitioner did not appeal his 1–A classification within 30 days, although he was notified of his right to so appeal. Absent unusual circumstances, not alleged or disclosed here, such failure to exhaust administrative remedies precludes collateral review of the propriety of such classification. See United States v. Smogor, 411 F.2d 501 (7th Cir. 1969); Skinner v. United States, 215 F. 2d 767 (9th Cir.), cert den. 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763.

■ Finally, it is alleged that the Board never met to order petitioner to report for induction. Even if true, however, the induction order was nonetheless valid for after the Board has made a 1–A classification, the actual order for induction is merely ministerial and may be sent at the direction of the clerk. United States v. Smogor, 415 F.2d 296, 298 (7th Cir. 1969). Segal v. United States, 423 F.2d 658 (7th Cir. March 10, 1970).

More than 16 months have elapsed since petitioner was first ordered to report for induction. During this interval he has besieged the Board with a series of claims designed to prevent and delay his induction. On each occasion when a new claim was presented, the Board delayed or postponed its prior issued order while it examined petitioner's request. These dilatory tactics necessitated no less than seven orders to report for induction.

Upon a careful review of the entire file, I find that the Board extended to petitioner every right to which he was entitled. The Board took no summary or arbitrary action in making any of its rulings. Any further delay in this case would completely frustrate the objectives of the Selective Service Act.

Petitioner has shown no right to relief here, and his petition for writ of habeas corpus is dismissed.

---

3. The parties orally stipulated that all Board members reside in the *county* in which the Board has jurisdiction, and therefore the requirements of the law are satisfied. See 50 U.S.C.App. § 460 (b)(3).